UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOAQUIN DANIEL MURILLO,

Plaintiff,

v.

GREGORY LEWIS, et al.,

Defendants.

No. C 14-4082 MEJ (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a prisoner at the California Correctional Institution (CCI), has filed a <u>pro se</u> complaint for damages under 42 U.S.C. § 1983 claiming violations of his federal rights while he was at Pelican Bay State Prison (PBSP).

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

## B. Legal Claims

Plaintiff alleges that on February 5, 2013, while he was at PBSP, he lacerated his own arms and lay in a pool of his own blood for approximately an hour-and-a-half to two hours. Plaintiff alleges that Defendant PBSP Correctional Officer J. Hurley failed to respond in a timely fashion because she was not carrying out her assigned "30-minute welfare check." (Compl. at 3.) Plaintiff further alleges that Defendants PBSP Lieutenant G. Kelley and PBSP Sergeant D.B. Findlay failed to properly supervise Defendant Hurley to ensure that she was carrying out her "life saving duties." (Id.) Finally, Plaintiff alleges that Defendant Hurley committed fraud by claiming on her tracking sheet that she had carried out her 30-minute welfare checks and that Defendant Kelley committed fraud by falsely stating on his incident report that Plaintiff had last been seen between 10:30 and 10:35a.m. during the routine 30-minute welfare check.

Although regrettable, Plaintiff's allegations that Defendant Hurley did not respond in a prompt fashion because she was not performing her assigned duties amount to no more than a claim for negligence or gross negligence. Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights) overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).

The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, see Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 302 (1991).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin, 974 F.2d at 1059; Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837.

This action must be dismissed because Plaintiff fails to state a claim upon which relief may be granted under § 1983. Even if we assume all the facts as true and that Plaintiff had a serious medical need, there is no indication that Defendant Hurley did a purposeful act or failed to act with respect to Plaintiff's medical needs. See McGuckin, 974 F.2d at 1060. Defendant Hurley could not disregard a substantial risk of serious harm to Plaintiff if she did not "know" of such risk because she was not at her assigned duty station. Cf. Farmer, 511 U.S. at 837. Plaintiff must bring his negligence or gross negligence claim against Officer Hurley in state court.

Similarly, plaintiff's allegations that Defendants Kelley and Findlay failed to properly supervise Defendant Hurley state nothing more than a claim for vicarious liability. As indicated above, § 1983 does not allow claims based on vicarious liability; in other words, the named defendant must have actually caused the constitutional violation. In any event, because Plaintiff fails to state an underlying constitutional violation committed by Defendant Hurley, there can be no claim against Defendants Kelley and Findlay in their capacity as Defendant Hurley's supervisors. Therefore, the allegations against Defendants Kelley and Findlay are insufficient to state a cognizable § 1983 claim.

Finally, Plaintiff's claims for fraud against Defendants Hurley and Kelley fail because fraud does not state a constitutional deprivation ans is therefore not cognizable under § 1983.

3

Plaintiff may have a state law fraud claim, but the Court declines to exercise supplemental jurisdiction over any state law claims now that it has dismissed the federal constitutional claim that gave the court federal question jurisdiction. See 28 U.S.C. § 1367(c)(3).

Accordingly, the complaint must be dismissed for failure to state a federal claim. Leave to amend will not be granted because the complaint well describes the incident, and it simply does not amount to deliberate indifference to serious medical needs. However, the dismissal is without prejudice to re-filing in state court based on an alleged violation of state law.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk shall terminate all pending motions, enter judgment, and close the file.

IT IS SO ORDERED.

DATED: December 4, 2014

Maria-Elena James
United States Magistrate Judge

4